CLAFLIN *et al. v.* DU BOIS.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

APPEAL—REQUISITES—NOTICE—SERVICE ON ADVERSE PARTY.

Where notice of appeal is served on the county clerk within the required time, and on the same day, after the office of plaintiff's attorney was closed, clerks of defendant's attorney throw into the office of the former, through an open transom, proper appeal papers, intending thereby to serve the same on plaintiff's attorney, such failure to serve is caused by the mistake or misunderstanding of the persons intrusted with the service; and under Code Civil Proc. § 1303, which provides that "where the appellant, seasonably and in good faith, serves the notice of appeal, either upon the clerk or upon the adverse party or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, * * * the court * * * may, in its discretion, permit the omission to be supplied," etc., the court may allow service to be made after the time specified for the purpose has expired.

Appeal from circuit court, New York county.

Appeal by Horace B. Claflin and others from an order permitting the service of a notice of appeal from a judgment, and of exceptions, and of the defendant's proposed case on appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*S. F. Kneeland,* for appellants. *Marsten Niles,* for respondent.

DANIELS, J. In support of the motion resulting in the order, it was shown that a notice of appeal from the judgment had been served on the county clerk. That was done within the time required by the Code. On the same day after the office of the plaintiff's attorney was closed, two clerks of the defendant's attorney threw into the office of the former, through an open transom over the door, a notice of appeal from the judgment and order, notice of exceptions, and the defendant's proposed case on appeal, intending thereby to serve such papers on the plaintiff's attorney. This, of course, was no service of the papers, unless in that manner they actually afterwards went into the hands of the plaintiff's attorney. But the case remained in this condition for upwards of a month, when the defendant's attorney was informed by a letter from the plaintiff's attorney that the time to appeal had expired, and no papers had been received; and on the next day the plaintiff's attorney was informed that the papers had been served, and other copies were offered, and afterwards sent to him, with information of what had previously taken place in passing the copies through the transom over the door of his office. These papers were refused, and returned to the defendant's attorney; and in the succeeding month a motion was made, on notice, for leave to serve copies of the same papers as had been passed, in this manner, through the transom, and that motion resulted in the order from which the appeal has been taken.

It is reasonably clear from what had taken place in this manner that the failure to serve the papers in time on the plaintiff's attorney was caused by the mistake or misunderstanding of the persons to whom their service was intrusted; and when that appears to be the fact, by section 1303 of the Code of Civil Procedure, the court has been authorized, after the notice of appeal has been filed in time with the clerk, to permit a copy of the notice to be served upon the attorney for the successful party in the action, although the time specified for that purpose may have previously expired. The authority supplied by this section was ample to permit the order to be made from which the appeal has been taken; and the facts presented in support of the application, as it was made with diligence, were sufficient to entitle the defendant to succeed, as he did, in the motion. The order should be affirmed, with $10 costs, besides the disbursements.

VAN BRUNT, P. J., and BRADY, J., concurring.